IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARTI L. KLUTHO,** | ) |
| Plaintiff, | ) |
| | ) No. 07 C 4111 |
| v. | ) |
| **21ST CENTURY INSURANCE COMPANY,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant 21st Century Insurance Company has filed a motion under 28 U.S.C. § 1404(a) to transfer the above captioned case to the United States District Court for the Eastern District of Missouri. For the following reasons, I grant defendant's motion.

I.

Plaintiff Marti L. Klutho's complaint alleges defendant violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") when it accessed her consumer report information and sent her a promotional offer through the mail which failed to extend a firm offer of credit. (Compl. at ¶¶ 13-14.) The complaint alleges plaintiff is a resident of St. Louis, Missouri, and defendant has its principal place of business in California, but conducts business in both Missouri and Illinois. (Id. at ¶¶ 1-2.) Plaintiff also purports to bring claims on behalf of a class

"consisting of all individuals in the State of Illinois and Missouri whose consumer reports were obtained by [d]efendant . . . , and who received promotional letters [like plaintiff's]." (Id. at ¶ 23.)

Plaintiff and her husband have previously filed multiple FCRA claims in the Eastern District of Missouri. Specifically, in 2006 and 2007, plaintiff filed six FCRA claims in the Easter District of Missouri seeking to represent a putative class of Missouri residents and alleging violations of FCRA's pre-screening provisions. Only one of these cases remains pending today.

## II.

This court may transfer venue to another district for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). In ruling on a motion to transfer, I must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n.3. The

weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n.3 (7th Cir. 1998) (citation omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The movant bears the burden of establishing that the transferee forum is more convenient. *Coffey*, 796 F.2d at 219.

In this case, the parties do not dispute that venue is proper in both districts. The critical issues, then, are convenience and the interests of justice.

### III.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating

3

to the efficient administration of justice. *Id*. at 1056. The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

A. Plaintiff's Choice of Forum and Situs of Material Events

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted). A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). In the context of class actions, courts may also take into consideration the residence of the putative class members. *See, e.g., Boyd v. Snyder*, 44 F. Supp. 2d 966, 969-70 (N.D. Ill. 1999); *Georgouses v. NaTech Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

Plaintiff's choice of forum was the Northern District of Illinois. It is undisputed, however, that plaintiff does not

reside within this district; therefore her choice is entitled to less deference. In fact, plaintiff resides in the proposed transferee district. Moreover, plaintiff seeks to bring this case on a behalf of a class which would include Missouri residents in substantially greater numbers than Illinois residents. (*See* Def. Op. Br. Ex. 7 at ¶ 10.) Accordingly, I find plaintiff's choice of forum is entitled to minimal deference.

With respect to the situs of material events, the only "events" which took place in Illinois consist of the receipt of the mailer by some Illinois residents. However, as conceded by plaintiff, the primary issue in this case will likely concern whether defendant acted willfully — for there is no major dispute concerning the receipt of the mailer — and this did not occur in Illinois. The mailer was sent from a California address and all employees responsible for the mailer are located in California. (Id. at ¶¶ 6-7, 9.) Even for purposes of damages with respect to the putative Illinois class members, the critical inquiry will concern the number of defendant's mailings into Illinois and this is best determined based on information obtained from defendant itself. Plaintiff does not dispute that the defendant's principal place of business, California, is where these material events took place and where the information is likely to be located. Accordingly, I find the Northern District of Illinois has no

5

significant connection to the situs of material events.  At most, this factor is a neutral with respect to transfer.

### B. Convenience of the Parties and Witnesses

Other factors I must consider are the convenience of the parties and witnesses. Courts consider the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. *See, e.g.*, *Chicago, Rock Island & Pac. R.R. Co.*, 220 F.2d at 303. I must also consider the convenience of potential witnesses, looking beyond the number of witnesses to be called and examining the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Some courts have concluded that a party must present actual evidence, such as through an affidavit, for a court to determine whether transfer is appropriate. *See, e.g., Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily. *See, e.g., First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (citation omitted). "The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *Id.*

Neither party in this case resides in Illinois and most discovery will take place outside of this district. It is

undisputed that plaintiff resides in St. Louis and that defendant's principal place of business is California. Therefore, at least some discovery will have to take place in Missouri, which weighs in favor of transfer. To the extent that any other documents and witnesses are also located outside of Illinois, but not in Missouri, this factor is neutral. Documents outside the district can just as easily be shipped or sent to Illinois; the same reasoning applies to shipping or sending the documents to Missouri. *See Rugamboa v. Rungenga*, No. 06 C 1142, 2007 WL 317035, at * 2 (N.D. Ill. Jan. 30, 2007) (Guzman, J.) (location of records has no impact on transfer analysis unless extraordinarily voluminous or otherwise difficult to ship). Moreover, in light of plaintiff's previous history of FCRA suits, plaintiff is more familiar with case management and procedure in the Eastern District of Missouri. Although plaintiff submits an affidavit claiming this district is equally convenient, common sense dictates that her home forum is still most convenient. Accordingly, I find the convenience of the parties factor weighs in favor of transfer.

Neither party identifies any non-party witnesses that are located in either Illinois or Missouri. Accordingly, the convenience of the non-party witnesses is neutral.

7

IV.

In addition to considering the parties' private interests, I must consider the public interests of the court. Factors relevant to this inquiry include the transferor and transferee courts' familiarity with the applicable law and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.*, 889 F. Supp. at 1056; *see also Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004).

While both districts are equally familiar with the FCRA, this lawsuit is likely to progress at a faster pace in Missouri. Federal Court Management Statistics demonstrate that the speed to trial in the proposed transferee district is 21.5 months compared to 26.4 months in this district. *See First Nat'l Bank*, 447 F. Supp. 2d at 913-14 (considering speed to trial as part of the interests of justice). Consequently, this factor weighs in favor of transfer.

Finally, some courts have held that one factor to consider in assessing the public interests of the court is the relationship of the communities to the litigation. *See, e.g., Chicago, Rock Island and Pac. R.R. Co.*, 220 F.2d at 304. With the exception of the putative Illinois class members, neither party has any relationship to the community. However, twice the number of putative class members reside in Missouri. (*See* Def. Op. Br. Ex. 7 at ¶ 10.) In light of this fact, any relationship to the community in this

district is outweighed by that of Missouri.  Accordingly, this factor weighs in favor of transfer.

V.

After balancing these factors, I find the Eastern District of Missouri is more convenient.  In particular, the convenience of the parties along with the interests of justice weigh in favor of transfer.  *See Coffey*, 796 F.2d at 220-21 (the interest of justice may be determinative).  Accordingly, the motion to transfer is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 26, 2007